1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MELVIN LEE WILSON,

11                    Petitioner,              No. CIV S 06-0724 LKK PAN P

12            vs.

13   ROSANNE CAMPBELL, et al.,                 <u>ORDER AND</u>

14                    Respondents.             <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16           Petitioner, a state prisoner without counsel, has filed a petition for a writ of habeas

17   corpus.  <u>See</u> 28 U.S.C. § 2254.  He seeks leave to proceed in forma pauperis.

18           Examination of the in forma pauperis affidavit reveals that petitioner is unable to

19   afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is

20   granted.  <u>See</u> 28 U.S.C. § 1915(a).

21           A judge "entertaining an application for a writ of habeas corpus shall forthwith

22   award the writ or issue an order directing the respondent to show cause why the writ should not

23   be granted, unless it appears from the application that the applicant or person detained is not

24   entitled thereto."  28 U.S.C. § 2243; <u>see also</u> Rule 4, Rules Governing Section 2254 Cases ("If it

25   plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

26   /////

1 relief in the district court, the judge must dismiss the petition and direct the clerk of the court to

2 notify the petitioner.")

3    A district court must entertain a habeas petition "in behalf of a person in custody

4 pursuant to the judgment of a State court only on the ground that he is in custody in violation of

5 the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Habeas corpus is

6 the sole remedy for a prisoner challenging the fact or duration of his confinement and seeking

7 immediate or speedier release from custody.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  An

8 action under 42 U.S.C. § 1983 is the remedy for allegedly unconstitutional conditions of

9 confinement.  See Nelson v. Campbell, Nelson v. Campbell, 541 U.S. 637, 643-46 (2004);

10 Preiser, 411 U.S. at 498-99.

11    Petitioner alleges that prison officials denied him medical care after getting into

12 an accident while transporting him to a doctor's appointment.  Review of the court's records

13 shows plaintiff's allegations duplicate those made in a civil rights complaint in Case Number

14 CIV-S-06-0830 DFL PAN P.[1]

15    Petitioner in no way challenges the fact or duration of his confinement and he has

16 filed a civil rights complaint on the grounds asserted in the petition.

17    For these reasons, the court will recommend this action be dismissed.

18    Accordingly, IT IS HEREBY ORDERED that:

19    1.  Petitioner's April 4, 2006, motion to proceed in forma pauperis is granted.

20 /////

21 /////

22 /////

23 /////

24 /////

25

26    [1] A court may take judicial notice of its own records in other cases.  United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980).

1     IT IS HEREBY RECOMMENDED that:

2          1.  This action be dismissed for failure to state a claim cognizable under 28 U.S.C.

3  § 2254.

4  DATED: May 2, 2006.

5

6

7                                    UNITED STATES MAGISTRATE JUDGE

8

9

10  \004
    \wils0724.157
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26